IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Alexandria Division**

| | |
|---|---|
| SHIRLEY BORROMEO,                   ) | |
|                                     ) | |
|     Plaintiff,  ) | |
|                                     ) | |
|     v.           ) | No. 1:22-cv-00289 (PTG/JFA) |
|                                     ) | Hon. Patricia Tolliver Giles |
| ALEJANDRO MAYORKAS, Security        ) | |
| of the Department of Homeland Security, ) | |
| *et al.*,                           ) | |
|                                     ) | |
|     Defendant.  ) | |

**MEMORANDUM OPINION & ORDER**

This matter comes before the Court on Defendants Alejandro Mayorkas, Secretary of the Department of Homeland Security, and Ur Jaddou, Director, United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants"), Partial Motion to Dismiss. Dkt. 8.

In this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, Plaintiff Shirley Borromeo seeks to compel USCIS to produce information regarding her immigration records and those of her mother, Amelia Surato ("Plaintiff's Mother"). Plaintiff submitted four separate FOIA requests: one on May 16, 2014; one on November 20, 2018; and two in September 2021. USCIS disclosed information to Plaintiff and Plaintiff administratively appealed USCIS' decisions in response to all four requests. Plaintiff then filed the present action alleging that Defendants violated the FOIA by failing to perform an adequate search for records responsive to Plaintiff's requests, and by failing to timely and fully produce the responsive records.

**I.    FACTUAL BACKGROUND**

**A.    Plaintiff's 2014 FOIA Request for Her A-File ("First Request")**

On May 19, 2014, Plaintiff, who was born in the Philippines, submitted a request via mail

requesting her "[c]omplete Alien File (A-File)."[1] *See* Dkt. 1-2. In a June 30, 2014 letter, USCIS informed Plaintiff it had identified 196 pages responsive to Plaintiff's request. *See* Dkt. 1-4. USCIS enclosed 142 pages in their entirety and 21 pages in part, and informed Plaintiff it was withholding 19 pages in full under certain FOIA exemptions. *See id.* On July 18, 2014, Plaintiff administratively appealed USCIS' June 30 decision on the basis that the information withheld constituted an "excessive amount of withholding" and "incorrect or over inclusive" application of the FOIA exemptions. *See* Dkt. 1-6. On August 8, 2014, USCIS released 12 additional pages (4 in part and 8 in full), and notified Plaintiff that information was redacted pursuant to certain FOIA exemptions. *See* Dkt. 1-8. USCIS stated that it found that the information on the remaining pages was properly withheld. *See id.*

      B.      **Plaintiff's 2018 FOIA Request for Specific Documents in Plaintiff's Mother's A-File ("Second Request")**

On November 20, 2018, Plaintiff submitted another request under the Privacy Act and/or FOIA seeking "[e]very document in [her] mother's A file (Amelia Celestino Surato) that refers to [Plaintiff]." *See* Dkt. 1-10 at 4. In a March 26, 2019 letter, USCIS informed Plaintiff it had identified 74 pages responsive to Plaintiff's request. *See* Dkt. 1-12. USCIS enclosed 33 pages in their entirety and 32 pages in part, and informed Plaintiff it was withholding 9 pages in full under certain FOIA exemptions. *See id.* On April 1, 2019, Plaintiff administratively appealed USCIS' March 26 decision on the basis that the information withheld constituted an "excessive amount of withholding" and "incorrect or over inclusive" application of the FOIA exemptions. *See* Dkt. 1-14. On September 26, 2019, USCIS notified Plaintiff that it was affirming its March 26 decision.

---

[1] Plaintiff's May 19, 2014 request was submitted under the Privacy Act, 5 U.S.C. § 552a. *See* Dkt. 1-2. In a May 29, 2014 letter, USCIS informed Plaintiff that the request would be handled under the FOIA. *See* Dkt. 1-3.

*See* Dkt. 1-16.

### C. Plaintiff's 2021 FOIA Request for Plaintiff's USCIS Records ("Third Request")

On September 8, 2021, Plaintiff submitted a request for her USCIS records through USCIS' online FOIA portal. *See* Dkt. 1-17; Compl. ¶ 14. In an October 25, 2021 letter, USCIS informed Plaintiff it had identified 744 pages responsive to Plaintiff's request. *See* Dkt. 1-18. USCIS enclosed 433 pages in their entirety and 227 pages in part, and informed Plaintiff it was withholding 84 pages in full under certain FOIA exemptions.[2] *See id.*

On October 26, 2021, Plaintiff administratively appealed USCIS' October 25 decision on the basis that the information withheld constituted an "excessive amount of withholding" and "incorrect or over inclusive" application of the FOIA exemptions. *See* Dkt. 1-20. Plaintiff also noted that while the disclosed records contained "repeated references to a 'VISA PACKET – WAS – 02/14/1997 – PEN – 02/14/1997'" there was no copy of the aforementioned visa packet in the record. *Id.* Thus, Plaintiff requested that "another search of all INS/USCIS files be done for evidence of the aforementioned VISA PACKET." *Id.*

On November 22, 2021, USCIS notified Plaintiff that it had identified 117 additional pages that originated with Immigration and Customs Enforcement ("ICE") and had forwarded the pages to ICE for its review. *See* Dkt. 1-21. On December 27, 2021, USCIS released 148 additional pages (10 in part and 138 in full), and notified Plaintiff that information was redacted pursuant to

---

[2] Among the documents disclosed were a "photocopy of the Plaintiff's mother's Resident Alien Card ('green card')"; a copy of Plaintiff's Application to Register Permanent Residence or Adjust Status, Form I-485," with an attached fee receipt for the Form I-485 and "for the Application for Employment Authorization, Form I-765"; "screen printout[s] from the Central Index System" dated June 1, 2010, August 17, 2010, and October 25, 2012 "showing a Visa Packet pending as of February 14, 1997"; "and a screen printout for a General Inquiry showing the existence of a permanent alien file and of a temporary alien file." Compl. ¶ 14.

3

certain FOIA exemptions. *See* Dkt. 1-22. USCIS stated that it found that the information on the remaining pages was properly withheld. *See id.* USCIS also stated that Plaintiff's "request for a second search for responsive records cannot be addressed by this office" and advised Plaintiff to submit a new FOIA request. *Id.*

        **D.**      **Plaintiff's 2021 FOIA Request for Her Mother's USCIS Records ("Fourth Request")**

On September 8, 2021, Plaintiff submitted a request for her mother's USCIS records through USCIS' online FOIA portal. *See* Dkt. 1-24; Compl. ¶ 16. In an October 25, 2021 letter, USCIS informed Plaintiff it had identified 69 pages responsive to Plaintiff's request. *See* Dkt. 1-25. USCIS enclosed 34 pages in their entirety and 28 pages in part, and informed Plaintiff it was withholding 7 pages in full pursuant to certain FOIA exemptions. *See id.* Plaintiff administratively appealed USCIS' October 25 decision.[3] *See* Dkt. 1-26. On February 3, 2022, USCIS released 35 additional pages in full.[4] *See* Dkt. 1-27. USCIS acknowledged that it had notified Plaintiff that a portion of Plaintiff's request was going to be remanded to the National Records Center but stated that "there was no evidence of a Visa Packet at the National Records Center." *Id.*

        **E.**      **Present Lawsuit**

On March 17, 2022, Plaintiff filed a Complaint in the United States District Court for the Eastern District of Virginia containing one count alleging that Defendants violated the FOIA by "failing to conduc[t] a legally sufficient search for records responsive to Plaintiff's FOIA request

---

[3] Plaintiff's appeal letter regarding her Fourth Request is not appended to the Complaint and is not among any of the documents submitted to the Court.

[4] In its October 25 decision letter, USCIS stated that it was withholding <u>28 pages</u> in part and 7 pages in full. *See* Dkt. 1-25. However, in its February 3 decision letter, USCIS stated that its original determination was to withhold <u>29 pages</u> in part and 7 pages in full. *See* Dkt. 1-27. Defendants assert that the February 3 letter contains a typographical error, and that the letter should have stated that 28 pages were withheld in part. *See* Dkt. 9-1 ("Munita Decl.") ¶ 14 n.1.

and by failing to timely and fully produce the records that Plaintiff requested." Compl. ¶ 22. Specifically, Plaintiff alleges that the released records show a visa packet was pending and an employment authorization document was issued in February 1997. *Id.* Plaintiff also alleges that because "more than one alien file existed at some point of time for both the Plaintiff and her mother, . . . there may be other files that USCIS should have searched to find additional evidence of the mother's Form I-130." *Id.* Plaintiff requests that this Court order Defendants to produce "any and all records that are responsive to Plaintiff's FOIA requests and *Vaughn* index of any and all" withheld responsive records and to enjoin Defendants from "withholding any and all non-exempt records that are responsive to Plaintiff's FOIA requests." *Id.* at 9.

On April 25, 2022, Defendants filed their Partial Motion to Dismiss. Dkt. 8. Defendants specifically seek to dismiss: Plaintiff's claims (1) as to her First Request; (2) as to the adequacy of Defendants' searches in response to her Second, Third, and Fourth Requests; and (3) premised on withheld documents in response to her Second and Fourth Requests.

## II.  LEGAL STANDARD

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A plaintiff must "demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). When reviewing a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's

favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). On a Rule 12(b)(6) motion, the court "may consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (internal citation omitted).

On a Rule 12(b)(1) motion, the plaintiff bears the burden of showing that subject matter jurisdiction exists by a preponderance of the evidence. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347–48 (4th Cir. 2009). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

### III.  DISCUSSION

Defendants argue that partial dismissal is warranted on three separate bases: (1) that Plaintiff's claims as to her First Request are barred due to the statute of limitations; (2) that Plaintiff failed to exhaust administrative remedies for her Second, Third, and Fourth Requests; and (3) that Plaintiff's claims as to her Second and Fourth Requests are moot because Defendants have fully released all records responsive to those Requests. *See* Dkt. 9 at 6–10. For the forthcoming reasons, the Court finds that: Plaintiff's claims as to her First Request are barred by the statute of limitations; Plaintiff is barred from challenging the adequacy of USCIS' search in response to her Second Request and is limited to challenging the adequacy of USCIS' search for a visa packet in response to her Third and Fourth Requests; and Plaintiff's claims challenging the withholding of

documents in response to her Third and Fourth Requests are moot.

    **A.    Plaintiff's Claims as to Her First Request are Barred by the Statute of Limitations.**

Defendants argue that because Plaintiff brought this action more than six years after USCIS issued its final decision in response to Plaintiff's administrative appeal on August 8, 2014, any claims related to Plaintiff's First Request in 2014 are time-barred. Dkt. 9 at 6; *see* Dkt. 1-8. Plaintiff concedes that the Complaint was untimely as to her First Request and that she cannot "demonstrate extraordinary circumstances to justify the application of equitable tolling in this case to establish a timely filing of the Complaint after the 2014 USCIS FOIA appeal decision." Dkt. 11 at 2. Under 28 U.S.C. § 2401(a), "every civil action[,]" including the FOIA, "commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." Thus, this Court finds that any claims related to the adequacy of Defendants' search or the withholding of records in connection to Plaintiff's First Request in 2014 are barred as untimely pursuant to 28 U.S.C. § 2401(a).[5]

    **B.    Plaintiff's Claims Challenging the Adequacy of USCIS' Searches are Limited to USCIS' Searches for a Visa Packet in Response to Her Third and Fourth Requests.**

Defendants argue that Plaintiff's claims challenging the adequacy of USCIS' searches in response to her Second, Third, and Fourth Requests should be barred from this Court's review because Plaintiff "failed to fully exhaust administrative remedies." Dkt. 9 at 8.

"Before commencing litigation, a requester must ordinarily exhaust administrative

---

[5] Plaintiff's First Request initially sought records under the Privacy Act. *See* Dkt. 1-2. The Privacy Act sets forth a two-year statute of limitations for most cases. *See* 5 U.S.C. § 552a(g)(5). Thus, even if the Court considered the claims as to Plaintiff's First Request as arising under the Privacy Act, those claims would still be time-barred. Additionally, the Court notes while Plaintiff references a potential equitable tolling argument, Plaintiff concedes that she is unable to meet that standard. *See* Dkt. 11 at 1–2.

remedies by appealing an issue through the FOIA administrative process following an initial adverse determination by the agency." *Coleman v. DEA*, 714 F.3d 816, 820 (4th Cir. 2013). This Court has consistently ruled that "[e]xhaustion under FOIA is 'a prudential consideration rather than a jurisdictional prerequisite.' Failure to exhaust should be treated as a bar to judicial review where 'the purposes of exhaustion' and the 'particular administrative scheme support such a bar.'" *Sieverding v. U.S. Marshals Serv.*, No. 1:11-cv-732, 2012 WL 12547084, at *4 (E.D. Va. Apr. 6, 2012) (quoting *Hull v. IRS*, 656 F.3d 1174, 1181–82, 1183 (10th Cir. 2011)); *see also, e.g.*, *Dagulo v. United States*, No. 2:18-cv-366, 2020 WL 2846488, at *5 (E.D. Va. Apr. 17, 2020), *aff'd*, 829 F. App'x 640 (4th Cir. 2020) (dismissing the plaintiff's FOIA claim for failure to exhaust administrative remedies); *Cooley v. Goss*, 430 F. Supp. 2d 544, 545 n.1 (E.D. Va. 2005), *aff'd sub nom. Cooley v. Tenet*, 141 F. App'x 129 (4th Cir. 2005) (same). The purposes of requiring exhaustion "include 'preventing premature interference with agency processes, affording the parties and the courts the benefit of the agency's experience and expertise, [and] compiling a record which is adequate for judicial review.'" *Sieverding*, 2012 WL 12547084, at *4 (quoting *Hull*, 656 F.3d at 1183). This Court has found that "FOIA's administrative scheme favors treating failure to exhaust as a bar to judicial review." *Bd. of Sup'rs v. DHS*, No. 1:11-cv-819, 2012 WL 695889, at *3 (E.D. Va. Mar. 1, 2012) (citing *Hidalgo v. FBI*, 344 F.3d 1256, 1259 (D.C. Cir. 2003)).

1. Plaintiff's Second Request

Plaintiff administratively appealed USCIS' decisions regarding her Second Request. However, Defendants contend that Plaintiff's administrative appeal of her Second Request challenged only withholding of documents, but did not challenge the adequacy of USCIS' search. Dkt. 9 at 7. Defendants also argue that because Plaintiff fails in her Opposition to respond to Defendants' exhaustion arguments as to the Second Request, she has conceded the issue. Dkt. 12

8

at 4.  Thus, Defendants contend that "Plaintiff may not challenge the adequacy of USCIS's search in connection with Request # 2."  Dkt. 9 at 8.

A party's failure to respond to an argument made in a motion to dismiss constitutes a concession of that argument.  *See United Supreme Council v. United Supreme Council of Ancient Accepted Scot. Rite for 33 Degree of Freemasonry*, 329 F. Supp. 3d 283, 292 (E.D. Va. 2018), *aff'd on other grounds*, 792 F. App'x 249 (4th Cir. 2019); *East West, LLC v. Rahman*, 873 F. Supp. 2d 721, 728 (E.D. Va. 2012); *Yahya v. Barr*, No. 1:20-cv-01150, 2021 WL 798873, at *2 (E.D. Va. Jan. 19, 2021).  In this case, Plaintiff fails to respond to Defendants' argument that she did not challenge the adequacy of USCIS' search in her administrative appeal.  *See* Dkt. 11 at 3–5.  Thus, the Court finds that Plaintiff has conceded that she failed to fully exhaust administrative remedies.

Even without this concession, the Court finds that the record herein demonstrates that Plaintiff failed to exhaust administrative remedies as to her Second Request.  Plaintiff administratively appealed USCIS' decision on the basis of an "excessive amount of withholding" and "incorrect or over inclusive" application of the FOIA exemptions.  Dkt. 1-14.  She further requested that USCIS "carefully review the 32 pages released in part and 9 withheld pages to see if any of these can be released further either in part or in full."  *Id.*  Nothing in Plaintiff's appeal letter challenged the adequacy of USCIS' search or requested USCIS perform a new or enlarged search.  While USCIS may have been aware that Plaintiff sought to challenge the application of FOIA exemptions and withholding of documents, the agency had "no opportunity to consider the very issue[] that [Plaintiff] has raised in court":  the adequacy of its search.  *Hidalgo*, 344 F.3d at 1259 (remanding the case and directing the district court to dismiss the complaint pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies).  USCIS had no opportunity to explain the scope of its search and either justify its adequacy or modify its search.  Accordingly, no record

regarding USCIS' search in response to Plaintiff's Second Request has been compiled for judicial review. *See Sieverding*, 2012 WL 12547084, at *4 (quoting *Hull*, 656 F.3d at 1183). Moreover, the scope of USCIS' search is "particularly well-suited to review through an agency appeal" as the agency has specific knowledge of what systems and keywords should have been searched in response to Plaintiff's request. *Schmitz v. Off. of Inspector Gen.*, No. 1:21-cv-415, 2022 WL 1572245, at *6 (E.D. Va. May 18, 2022). Furthermore, Plaintiff had the assistance of counsel when she filed the appeal at issue. *See* Dkt. 1-14 (appeal letter signed by Plaintiff's counsel); *Dettmann v. DOJ*, 802 F.2d 1472, 1476 (D.C. Cir. 1986) (stating that the plaintiff, assisted by counsel at the administrative appeal stage, was "particularly ill-situated to complain" about the exhaustion requirement).

As the D.C. Circuit has prudently noted: "a plaintiff may have exhausted administrative remedies with respect to one aspect of a FOIA request—and thus properly seek judicial review regarding that request—and yet not have exhausted her remedies with respect to another aspect of a FOIA request." *Dettmann*, 802 F.2d at 1477. For the foregoing reasons, Plaintiff has failed to exhaust administrative remedies for her claim that USCIS performed an inadequate search as to her Second Request and is barred from raising this claim before this Court.

   2. Plaintiff's Third and Fourth Requests

Plaintiff also administratively appealed USCIS' decisions regarding her Third and Fourth Requests. Defendants contend that Plaintiff's administrative appeal challenged the adequacy of USCIS' searches *only* in regard to its failure to locate a "VISA PACKET." Dkt. 9 at 7–8. Thus, Defendants contend that "Plaintiff may challenge the adequacy of USCIS's search in connection with Request # 3 and Request # 4 only as concerns the alleged failure to locate the purported 'VISA PACKET.'" *Id.* at 8. Plaintiff counters that she "mentioned the data entry" in her appeal letter—

10

*i.e.*, the "screen printout[s] from the Central Index System" in the FOIA record dated June 1, 2010, August 17, 2010, and October 25, 2012 "showing a Visa Packet pending" in 1997, Compl. ¶ 14— "not to narrow USCIS's search, but to alert USCIS to the evidence that it had not conducted an adequate search." Dkt. 11 at 4. In other words, Plaintiff argues that her statement highlighting the FOIA record's references to a pending visa packet and her request for a new search to find such visa packet should be construed as a general challenge to the overall adequacy of USCIS' searches in response to her Third and Fourth Requests.[6] Plaintiff argues that because the FOIA record contained documents referencing a pending visa packet, USCIS personnel "would know" that an adequate search should turn up the aforementioned visa packet. Dkt. 11 at 4. Thus, Plaintiff implies, because the initial searches did not turn up a visa packet, USCIS should have known, given her appeal, that its searches were inadequate. *Id.*

This argument cannot hold. Under the FOIA, a requester is entitled to records if their request "reasonably describes such records." 5 U.S.C. § 552(a)(3)(A). Such "a description 'would be sufficient if it enabled a professional employee of the agency who was familiar with the subject area of the request to locate the record with a reasonable amount of effort.'" *James Madison Project v. CIA*, No. 1:08-cv-1323, 2009 WL 2777961, at *3 (E.D. Va. Aug. 31, 2009) (citing *Truitt v. Dep't of State*, 897 F.2d 540, 545 n.36 (D.C. Cir. 1990)). And although an agency must "construe a FOIA request liberally," *Gluckman v. Dep't of Lab.*, No. 3:13-cv-169, 2013 WL

---

[6] As noted earlier, Plaintiff's appeal letter for her Fourth Request was not appended to the Complaint. *See supra* note 3. Defendants' memorandum in support of their Motion treats Plaintiff's appeals of her Third and Fourth Requests nearly identically, to which Plaintiff does not object. *See* Dkt. 9 at 3. And USCIS' February 3 decision letter appears to indicate that Plaintiff's appeal letter for her Fourth Request specifically mentioned, as in her appeal letter for her Third Request, that the FOIA record was missing a visa packet. *See* Dkt. 1-27 (stating "[i]n the previous letter, you requested a second search. I told you that I was going to remand a portion of your request to the National Records Center. Unfortunately, there was no evidence of a Visa Packet at the National Records Center").

11

6184957, at *10 (E.D. Va. Nov. 26, 2013) (citing *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995)), "an agency is not required to have 'clairvoyant capabilities' to discover the requester's need," *Hudgins v. IRS*, 620 F. Supp. 19, 21 (D.D.C. 1985), *aff'd*, 808 F.2d 137 (D.C. Cir. 1987).

Here, Plaintiff's appeals of her Third and Fourth Requests put USCIS on notice that Plaintiff sought to challenge the application of FOIA exemptions and withholding of documents. Those appeals also made USCIS aware that Plaintiff sought, specifically, the visa packet referenced in the FOIA record. USCIS' actions, as evidenced by its February 3 decision letter, indicate that USCIS believed Plaintiff's appeal was limited to locating the visa packet. Dkt. 1-27 (stating that USCIS had "remand[ed] a portion of [Plaintiff's] request to the National Records Center" and that "there was no evidence of a Visa Packet at the National Records Center"). The plain text of Plaintiff's appeal letter (1) challenged the withholding of documents and (2) highlighted the "repeated references" in the FOIA record to, and requested a new search for, the visa packet. Dkt. 1-20. Thus, Plaintiff's appeal is reasonably construed as being limited to those two categories. *See Wallick v. Agric. Mktg. Serv.*, 281 F. Supp. 3d 56, 66 (D.D.C. 2017) (finding that the plaintiff's request was limited in scope because "[t]he plain language of the original request clearly indicates an interest only in documents related to a single application for certification, rather than several"). For these reasons, Plaintiff has failed to exhaust administrative remedies for her claim that USCIS performed inadequate searches as to her Third and Fourth Requests—*except* the aspect of Plaintiff's claim regarding a search for a visa packet.

### C. Plaintiff's Claims Premised on the Withholding of Documents in Response to Her Second and Fourth Requests are Moot.

Defendants argue that, to the extent Plaintiff challenges the application of FOIA exemptions to withhold information related to her Second and Fourth Requests, Plaintiff's claims

12

are moot because "USCIS has released to Plaintiff in full all documents withheld in whole or in part in response to Request # 2 and Request # 4." Dkt. 9 at 9. Defendants explain that, regarding the Fourth Request, although USCIS had initially withheld 28 pages in part and 7 pages in full, upon Plaintiff's appeal of that decision, USCIS decided to release the remaining 35 pages in full. *Id.* Defendants contend that these 35 pages also included all of the pages that were withheld in response to Plaintiff's Second Request. *Id.*; *see also* Munita Decl. ¶ 16. In arguing against mootness, Plaintiff focuses primarily on two sentences in USCIS' February 3 decision letter that appear to indicate information is still being withheld: "On the remaining pages, I found that the National Records Center properly withheld certain information that is protected from disclosure. This information is not appropriate for discretionary release."[7] Dkt. 1-27. Defendants contend in their Reply that this statement is "merely form language that was automatically included in the selected template letter" and insist that all responsive documents have been released in full to Plaintiff. Dkt. 12 at 8.

"It is undisputed that a challenge to a particular denial of a FOIA request becomes moot if an agency produces the requested documents." *Reg'l Mgmt. Corp. v. Legal Servs. Corp.*, 186 F.3d 457, 465 (4th Cir. 1999); *see also, e.g.*, *Di Montenegro v. Nat'l Sec. Agency*, No. 117-cv-216, 2017 WL 11221246, at *1 (E.D. Va. May 16, 2017) (dismissing the FOIA complaint because the "plaintiff has obtained the relief he sought, rendering this action moot"). On a Rule 12(b)(1)

---

[7] Plaintiff's allegation that Defendants improperly withheld documents in response to her Fourth Request hinge in part on this statement. *See* Compl. ¶ 17 ("On February 3, 2022, USCIS decided to release 35 additional pages in full and determined that the 1 remaining page was properly withheld."). In her Opposition, Plaintiff also emphasizes—consistent with the allegations in her Complaint—the statement in USCIS' February 3 decision letter that Defendants originally withheld 29 pages in response to Plaintiff's Fourth Request. Dkt. 11 at 5. Yet Plaintiff also acknowledges—without objection, *inconsistent* with her Complaint—Defendants' contention that, but for a typographical error, the February 3 letter would have stated that Defendants originally withheld 28 pages. *Id.*; *see supra* note 4.

13

motion to dismiss, the plaintiff bears the burden of showing that subject matter jurisdiction exists by a preponderance of the evidence. *Jadhav*, 555 F.3d at 347–48.

In adjudicating Plaintiff's Fourth Request, USCIS informed Plaintiff it had identified 69 pages responsive to Plaintiff's request. *See* Dkt. 1-25. USCIS initially enclosed 34 pages in their entirety, and informed Plaintiff it was withholding 7 pages in full and 28 pages in part (35 pages in total) pursuant to certain FOIA exemptions. *See id.* Later, in response to Plaintiff's administrative appeal of that decision, USCIS released 35 additional pages in full and notified Plaintiff that there "was no evidence of a Visa Packet at the National Records Center." *See* Dkt. 1-27. The 35 pages released in full in response to Plaintiff's administrative appeal appear to be consistent with the 7 pages (in full) and 28 pages (in part) that were initially withheld from disclosure, a fact which Plaintiff does not acknowledge or respond to in her briefing. Considering both parties' pleadings and exhibits, this Court finds that Plaintiff has not presented facts sufficient to support by a preponderance of evidence her claim that USCIS has withheld documents in response to her Second and Fourth Requests. *See Richmond, Fredericksburg & Potomac R. Co.*, 945 F.2d at 768. Thus, these claims will be dismissed as moot.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Defendants' Partial Motion to Dismiss (Dkt. 8) is **GRANTED**.

It is **SO ORDERED**.

February 27, 2023

_____
Patricia Tolliver Giles
United States District Judge